UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, et al., <br><br> Defendants, <br><br> and <br><br> HUMANE SOCIETY OF THE UNITED STATES, et al., <br><br> Defendant-Intervenors <br><br> and <br><br> CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Defendant-Intervenors. | Civ. No. 08-881 EGS <br><br> **FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendants Dirk Kempthorne, Secretary of the Interior; H. Dale Hall, Director, United States Fish and Wildlife Service ("Service"); and the Service (collectively "Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the claims and allegations made by Safari Club International and Safari Club International Foundation (collectively "Plaintiffs").

**I.   INTRODUCTION**

1.  The allegations in the first and second sentences in paragraph 1 purport to characterize the May 15, 2008 Final Rule to list the Polar Bear as a Threatened Species under the Endangered Species Act, 73 Fed. Reg. 28,212-28,303 ("Final

Rule"), a document which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with the plain language and meaning of the Final Rule is denied. The third sentence in paragraph 1 consists of conclusions of law to which no response is required

2. The allegations in paragraph 2 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required.

3. The first sentence in paragraph 3 is a conclusion of law to which no response is required. The second sentence of paragraph 3 purports to characterize certain provisions of the Marine Mammal Protection Act, 16 U.S.C. §§ 1361 et seq. ("MMPA"), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with the plain language and meaning of the MMPA is denied. In response to the allegations in the third sentence of paragraph 3, Defendants admit that over 900 applicants have received authorization to import polar bear trophies that were legally harvested in Canada since 1997, and deny the remaining allegations.

4. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence in paragraph 4 concerning the actions of SCI members, and on that basis deny the allegations. In response to the allegations contained in the second sentence of paragraph 4, Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations concerning whether permit applicants are members of SCI, and on that basis deny the allegations. The allegations in the third sentence of paragraph 4 purport to characterize notices published in the Federal Register,

documents which speak for themselves and are the best evidence of their contents.  Any allegation that is inconsistent with the plain language and meaning of those notices is denied.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the fourth and fifth sentences in paragraph 4 concerning actions and future intentions of SCI members, and on that basis deny the allegations.  In response to the allegations contained in the sixth sentence of paragraph 4, Defendants admit that, on July 29, 2008, they sent letters to all applicants whose import applications for sport-hunted polar bear trophies taken on or after February 18, 1997 were pending as of May 15, 2008, notifying them that no permit authorization is currently available under the MMPA to conduct the requested activity and that Defendants are administratively closing their application file and returning their permit application processing fee to them, but deny the remaining allegations.  Defendants further aver that they continue to accept and process permit applications for the import of polar bears sport hunted prior to February 18, 1997, and for the purposes of scientific research (see 16 U.S.C. § 1374(c)(5)(D)) or enhancement of the survival or recovery of a species or stock (see 16 U.S.C. § 1374(c)(4)).

5. The allegations in paragraph 5 purport to characterize the Final Rule, a document which speaks for itself and is the best evidence of its contents.  Any allegation that is inconsistent with the plain language and meaning of the Final Rule is denied.

6. The allegations in the first sentence of paragraph 6 contain conclusions of law to

which no response is required. In response to the allegations in sentence two of paragraph 6, Defendants admit that the sport-hunting of polar bears has had some conservation impact on the polar bear by generating funding towards conservation efforts for polar bear populations in Alaska and Russia, but deny the remaining allegations.

7. Defendants deny the allegations in paragraph 7.

8. The allegations in paragraph 8 consist of conclusions of law to which no response is required.

9. The allegations in paragraph 9 are characterizations of Plaintiffs' case to which no response is required.

**II.    JURISDICTION AND VENUE**

10. The allegations in paragraph 10 consist of conclusions of law to which no response is required.

11. The allegations in paragraph 11 consist of conclusions of law to which no response is required.

12. Defendants deny the allegations in the first sentence of paragraph 12. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 12 concerning the interests or intentions of U.S. sport hunters, and on that basis deny the allegations. The allegations in the third sentence of paragraph 12 consist of conclusions of law to which no response is required.

13. The allegations in paragraph 13 consist of conclusions of law to which no response is required.

14. The allegations in paragraph 14 consist of conclusions of law to which no response is required.

### III. PARTIES

15. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 concerning Plaintiff Safari Club International (SCI), and on that basis deny the allegations.

16. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 concerning Plaintiff Safari Club International Foundation, and on that basis deny the allegations.

17. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of paragraph 17 concerning Plaintiffs' and members' interests, and on that basis deny the allegations.  To the extent the allegations in the second sentence of paragraph 17 consist of conclusions of law, no response is required.  The allegations in the third sentence of paragraph 17 consist of conclusions of law to which no response is required.

18. Defendants admit the allegations in paragraph 18.

19. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 concerning Plaintiffs' future intentions, and on that basis deny the allegations.

20. Defendants admit the allegations in the first and second sentences of paragraph 20.  The allegations in the third sentence of paragraph 20 are characterizations of Plaintiffs' case which require no response.

21. Defendants admit the allegations in the first sentence of paragraph 21. In response to the allegations in the second sentence of paragraph 21, Defendants admit that the Director of the Service has been delegated the responsibility of administering and implementing the Endangered Species Act, 16 U.S.C. §§ 1531 et seq. ("ESA") and the MMPA with respect to certain species, including the polar bear. The allegations in the third sentence of paragraph 21 are characterizations of Plaintiffs' case which require no response.

22. In response to the allegations in the first sentence of paragraph 22, Defendants admit that the Service, an agency within the Department of the Interior, is authorized to administer and implement the ESA and MMPA with respect to certain species. Defendants admit the allegations in the second sentence of paragraph 22.

## IV. LEGAL BACKGROUND

### A. The Endangered Species Act

23. The allegations in paragraph 23 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with the plain language and meaning of the ESA is denied.

24. The allegations in the first, second, and third sentences of paragraph 24 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with the plain language and meaning of the ESA is denied. The allegations in the fourth sentence of paragraph 24 purport to characterize the Final Rule, a document

    which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with the plain language and meaning of the Final Rule is denied.

25.     The allegations in the first, second, and third sentences of paragraph 25 purport to characterize certain provisions of the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with the plain language and meaning of the ESA and the regulations is denied. The allegations in the fourth sentence of paragraph 25 consist of conclusions of law to which no response is required.

26.     The allegations in the first and second sentences of paragraph 26 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with the plain language and meaning of the ESA is denied. The allegations in the third sentence of paragraph 26 consist of conclusions of law to which no response is required.

    **B.    The Marine Mammal Protection Act**

27.     The allegations in the first sentence of paragraph 27 purport to characterize the MMPA, a statute which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with the plain language and meaning of the MMPA is denied. In response to the allegations in the second sentence of paragraph 27, Defendants admit that the polar bear is considered a marine mammal under the MMPA.

28.     The allegations in the first and second sentences of paragraph 28 purport to

characterize certain provisions of the MMPA, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with the plain language and meaning of the MMPA is denied. Defendants admit the allegations contained in the third sentence of paragraph 28.

29. The allegations in paragraph 29 purport to characterize certain provisions of the MMPA, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with the plain language and meaning of the MMPA is denied.

30. In response to the allegations in paragraph 30, Defendants admit that, since 1997, the Service has issued over 900 permits for importation of sport-hunted trophies into the United States, generating over $900,000 for polar bear research and management programs in Alaska and Russia.

31. The allegations in paragraph 31 purport to characterize certain provisions of the MMPA, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with the plain language and meaning of the MMPA is denied.

32. The allegations in the first and second sentences of paragraph 32 purport to characterize the Final Rule, a document which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with the plain language and meaning of the Final Rule is denied. To the extent the allegations in the first and second sentences of paragraph 32 constitute legal conclusions, no response is required. Defendants deny the allegations in the third sentence of paragraph 32. The allegations in the fourth sentence of paragraph 32 purport to

characterize the Final Rule, a document which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with the plain language and meaning of the Final Rule is denied.

33. The allegations in the first sentence of paragraph 33 purport to characterize certain provisions of the MMPA, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with the plain language and meaning of the MMPA is denied. Defendants deny the allegations in the second sentence of paragraph 33.

**C.   Administrative Procedure Act**

34. The allegations in paragraph 34 purport to characterize certain provisions of the Administrative Procedure Act, 5 U.S.C. §§ 551 et seq. ("APA"), which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with the plain language and meaning of the APA is denied.

35. The allegations in paragraph 35 purport to characterize certain provision of the APA, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with the plain language and meaning of the APA is denied.

36. The allegations in paragraph 36 purport to characterize certain provisions of the APA, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with the plain language and meaning of the APA is denied.

37. The allegations in paragraph 37 purport to characterize certain provisions of the APA, which speak for themselves and are the best evidence of their contents.

       Any allegation that is inconsistent with the plain language and meaning of the APA is denied.

## V.    FACTUAL BACKGROUND

38.    The allegations in paragraph 38 purport to characterize the Final Rule, a document which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with the plain language and meaning of the Final Rule is denied.

39.    The allegations in paragraph 39 purport to characterize the Final Rule, a document which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with the plain language and meaning of the Final Rule is denied.

40.    Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the first and third sentences in paragraph 40 concerning actions of SCI members, and on that basis deny the allegations. In response to the allegations in the second and fourth sentences of paragraph 40, Defendants admit that, on July 29, 2008, they sent letters to all applicants whose import applications for sport-hunted polar bear trophies taken on or after February 18, 1997 were pending as of May 15, 2008, notifying them that no permit authorization is currently available under the MMPA to conduct the requested activity and that Defendants are administratively closing their application file and returning their permit application processing fee to them, but deny the remaining allegations in the second and fourth sentences. Defendants further aver that they continue to accept and process permit applications for the

import of polar bears sport hunted prior to February 18, 1997, and for the purposes of scientific research (see 16 U.S.C. § 1374(c)(5)(D)) or enhancement of the survival or recovery of a species or stock (see 16 U.S.C. § 1374(c)(4)). The allegations in the fifth sentence of paragraph 40 consist of conclusions of law to which no response is required.

41. Due to vagueness with respect to the "benefits" alleged by Plaintiffs, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 41, and on that basis deny the allegations. Defendants admit the allegations in the second sentence of paragraph 41.

42. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the first, second, third, and fourth sentences in paragraph 42, and on that basis deny the allegations. To the extent the allegations in the fifth sentence of paragraph 42 purport to characterize the Final Rule, that document speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with the plain language and meaning of the Final Rule is denied. Due to vagueness with respect to the term "elsewhere," Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of remainder of the allegations in the fifth sentence, and on that basis deny the allegations.

43. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the first, fourth, sixth, seventh, and eighth sentences in paragraph 43 concerning the actions of hunters and local

Canadian communities, and on that basis deny the allegations. Defendants admit the allegations contained in the second, third, and fifth sentences of paragraph 43.

## VI. CLAIMS FOR RELIEF

### First Claim for Relief

44. Defendants incorporate by reference their answers to Paragraphs 1-43 above.

45. The allegations in the first, third, and fifth sentences in paragraph 45 consist of conclusions of law to which no response is required. The allegations in the second and fourth sentences purport to characterize certain provisions of the MMPA and its amendments, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with the plain language and meaning of the MMPA and its amendments is denied.

46. The allegations in paragraph 46 consist of conclusions of law to which no response is required.

47. The allegations in paragraph 47 consist of conclusions of law to which no response is required.

48. The allegations in the first and third sentences of paragraph 48 consist of conclusions of law to which no response is required. In response to the allegations in the second sentence of paragraph 48, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis deny the allegations.

49. The allegations in paragraph 49 consist of conclusions of law to which no response is required.

50. The allegations in paragraph 50 consist of conclusions of law to which no

response is required.

## Second Claim for Relief

51. Defendants incorporate by reference their answers to Paragraphs 1-50 above.

52. The allegations in paragraph 52 consist of conclusions of law to which no response is required.

53. Defendants deny the allegations contained in paragraph 53.

54. The allegations in the first, second, and fourth sentences of paragraph 54 consists of conclusions of law to which no response is required. Defendants deny the allegations in the third sentence of paragraph 54. The allegations in the fifth sentence of paragraph 54 characterize the Final Rule, a document which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with the plain language and meaning of the Final Rule is denied.

55. Defendants deny the allegations contained in paragraph 55.

56. The allegations in paragraph 56 consist of conclusions of law to which no response is required.

57. The allegations in the first and third sentences of paragraph 57 consist of conclusions of law to which no response is required. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 57, and on that basis deny the allegations.

58. The allegations in paragraph 58 consist of conclusions of law to which no response is required.

59. The allegations in paragraph 59 consist of conclusions of law to which no

response is required.

### Third Claim for Relief

60. Defendants incorporate by reference their answers to Paragraphs 1-59 above.

61. The allegations in paragraph 61 consist of conclusions of law to which no response is required.

62. The allegations in paragraph 62 consist of conclusions of law to which no response is required.

63. Defendants deny the allegations in paragraph 63.

64. The allegations in paragraph 64 consist of conclusions of law to which no response is required.

65. The allegations in the first and third sentences of paragraph 65 consist of conclusions of law to which no response is required. In response to the allegations in the second sentence of paragraph 65, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis deny the allegations.

66. The allegations in paragraph 66 consist of conclusions of law to which no response is required.

67. The allegations in paragraph 67 consist of conclusions of law to which no response is required.

### Third Claim for Relief

68. Defendants incorporate by reference their answers to Paragraphs 1-67 above.

69. The allegations in paragraph 69 consist of conclusions of law to which no response is required.

70. The allegations in paragraph 70 consist of conclusions of law to which no response is required.

71. In response to the allegations in paragraph 71, Defendants admit that, on July 29, 2008, they sent letters to all applicants whose import applications for sport-hunted polar bear trophies (taken on or after February 18, 1997) were pending as of May 15, 2008, notifying them that no permit authorization is currently available under the MMPA to conduct the requested activity and that Defendants are administratively closing their application file and returning their permit application processing fee to them, but deny the remaining allegations in paragraph 71. Defendants further aver that they continue to accept and process permit applications for the import of polar bears sport hunted prior to February 18, 1997, and for the purposes of scientific research (16 U.S.C. § 1374(c)(5)(D)) or enhancement of the survival or recovery of a species or stock (16 U.S.C. § 1374(c)(4)).

72. The allegations in paragraph 72 consist of conclusions of law to which no response is required.

73. To the extent the allegations in the first sentence of paragraph 73 consist of conclusions of law, no response is required. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of paragraph 73, and on that basis deny the allegations. The allegations in the second sentence of paragraph 73 consist of conclusions of law to which no response is required.

74. The allegations in paragraph 74 consist of conclusions of law to which no

response is required.

75. The allegations in paragraph 75 consist of conclusions of law to which no response is required.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

## AFFIRMATIVE DEFENSES

1. The Court lacks subject matter jurisdiction over Plaintiffs' claims.

2. Plaintiffs fail to state a claim for which relief can be granted.

WHEREFORE, Defendants respectfully request that this Court deny all relief sought by Plaintiffs, grant judgment to Defendants, and grant Defendants any other appropriate relief.

Respectfully submitted this 31st day of July, 2008.

        RONALD J. TENPAS,
        Assistant Attorney General
        U.S. Department of Justice
        Environment and Natural Resources
        Division
        JEAN E. WILLIAMS, Chief
        Wildlife and Marine Resources Section
        LISA LYNNE RUSSELL, Assistant Chief

/s/ Kristen Byrnes Floom
KRISTEN BYRNES FLOOM
Trial Attorney (DC Bar No. 469615)
Wildlife and Marine Resources Section
601 D Street, N.W.
Washington, D.C.  20004
Telephone: (202) 305-0340
Facsimile: (202) 305-0275
Kristen.Floom@usdoj.gov

Attorneys for Defendants
